**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
HAUTZ CONSTRUCTION, LLC,            :   CIVIL ACTION NO. 12-1415 (MLC)
                                    :
     Plaintiff,                     :        O P I N I O N
                                    :
     v.                             :
                                    :
H&M DEPARTMENT STORE, et al.,       :
                                    :
     Defendants.                    :
                                    :
```

**THE PLAINTIFF**, Hautz Construction, LLC ("HCLLC"), brought this action in state court against the defendants, H&M Department Store ("HMD"), Dan Lopez, Lakeview Construction, Inc. ("LCI"), and Jay Davis (collectively, "Defendants"), raising claims for breach of contract, quantum meruit, and fraud.  (Dkt. entry no. 1, Rmv. Not., Ex. A, Am. Compl.)  Defendants removed this action under 28 U.S.C. § 1332.  (Rmv. Not. at ¶¶ 6-7.)

**HCLLC ALLEGES** that LCI, a general contractor, contracted with HMD to build a department store in Freehold, New Jersey ("Site").  (Am. Compl. at First Count ¶ 4.)  HCLLC further alleges that it — at HMD's request — contracted with LCI to perform work at the Site ("Contract").  (Id. at First Count ¶ 6.)  HCLLC alleges, however, that it has not received payment for work completed at the Site between July 23, 2010 and September 5, 2010.  (Id. at First Count ¶¶ 6-8.)

**HCLLC FURTHER ALLEGES** that Lopez, acting as HMD's agent, defrauded HCLLC by: (1) "promis[ing] to pay [HCLLC] any

outstanding balance due for services rendered at the [Site] for the benefit of [HMD and LCI]", and (2) misrepresenting his intent and HMD's intent "to safeguard [HCLLC]'s account or to ensure that the payment for services rendered was even made". (Id. at First Count ¶ 3, Second Count ¶ 3, Third Count ¶ 2.)

**HCLLC** is deemed to be a New Jersey citizen. (See Rmv. Not. at ¶¶ 8-11 (alleging citizenship of HCLLC's members).) See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("citizenship of a limited liability company . . . is determined by the citizenship of each of its members"). HMD is deemed to be a citizen of the Netherlands and Sweden. (See Rmv. Not. at ¶¶ 12-15 (alleging citizenship of HMD's partners).) See Zambelli Fireworks, 592 F.3d at 419 ("partnership . . . takes on the citizenship of each of its partners"). Davis is a Missouri citizen. (Rmv. Not. at ¶ 17.) Lopez, however, is a citizen of New Jersey. (Id. at ¶ 18.)

**AS LOPEZ** is a New Jersey citizen, this action lacks complete diversity of citizenship. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). But Defendants argue that Lopez bears no liability here and that HCLLC fraudulently joined Lopez only to defeat removal of the action from state court to this Court. (See Rmv. Not. at ¶¶ 19-39.)

**FRAUDULENT JOINDER** occurs when a plaintiff names a defendant solely to defeat removal. See Brown v. Jevic, 575 F.3d 322, 326-

2

27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).  Allegations of fraudulent joinder only have merit if a plaintiff lacks: (1) either a reasonable basis in fact or a colorable ground to support the claims against the defendant at issue; and (2) a real intention, in good faith, to prosecute the action against the defendant at issue.  Boyer, 913 F.2d at 111.

**THE COURT** — when addressing the issue of fraudulent joinder — must resolve all contested factual issues and any uncertainty as to the current state of controlling substantive law in the plaintiff's favor.  Id.  Further, the Court must find that the allegedly fraudulently-joined defendant was indeed properly joined if there is "even a possibility" that a state court would find that the plaintiff states a claim against that defendant.  See id.  For the Court to find that HCLLC fraudulently joined Lopez here, the claims asserted against him must be "wholly insubstantial and frivolous."  See Batoff, 977 F.2d at 852.

**THE STANDARD** for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment.  See Briscoe, 448 F.3d at 217-18 (stating district court cannot, in fraudulent joinder inquiry, delve into claim's merits); Batoff,

3

977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue).  An inquiry under a motion to dismiss or a motion for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder".  Batoff, 977 F.2d at 852.  As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment.  Id. at 852-53.

    **THE COURT**, upon review of the pleadings, determines that HCLLC has not fraudulently joined Lopez, as the claims against him are not wholly insubstantial and frivolous.  HCLLC alleges that: (1) it entered into the Contract at HMD's request; (2) the Defendants, including HMD and Lopez, fraudulently represented that they would safeguard HCLLC's accounts receivable and ensure prompt payment; (3) the Defendants, including HMD and Lopez, promised to pay for any balance due for the work that HCLLC performed at the Site; (4) the Defendants, including HMD and Lopez, so acted with the intent to defraud HCLLC; (5) HCLLC reasonably relied on the Defendants' promises; and (6) HCLLC has suffered financial damage.  (Am. Compl. at First Count ¶¶ 6-7,

Second Count ¶¶ 2-5, Third Count ¶¶ 2-4.)  Therefore, HCLLC's allegations against Lopez are not wholly insubstantial and frivolous.  See Premier Pork v. Westin Packaged Meats, 406 Fed.Appx. 613, 617 (3d Cir. 2011).

**THE PLAINTIFF** acted reasonably by naming all of the parties allegedly liable for its injuries, as the failure to do so could give rise to a potential statute of limitations issue.  Cf. Brown, 575 F.3d at 327 (noting that limitations defense may be considered in connection with fraudulent joinder inquiry).  The plaintiff has also demonstrated an intention to proceed against Lopez as an individual defendant, as Lopez has been personally served with process.  (See Rmv. Not. at ¶ 3.)  See Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and conduct discovery).

**IT MAY BE** that the claims asserted against Lopez would not survive a motion to dismiss on the merits.  But that concern is not relevant here.  The Court will remand the action, as the plaintiff did not fraudulently join Lopez.  See 28 U.S.C. §§ 1446(a), 1447(c).  The Court will issue an appropriate Order & Judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:    March 20, 2012